UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

April 8, 2016

VIA ECF AND BY CERTIFIED MAIL R/R/R

**LETTER OPINION AND ORDER**

Re:   **In re Moore,**
      **Civil Action No. 16-1382**

Dear Ms. Moore:

The Court is in receipt of your affidavit for permission to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. *See* IFP Affidavit [D.E. 2].

Under § 1915, this Court may excuse an appellant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Appellant sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing an appellant to proceed *in forma pauperis*, the Court must review the appeal and dismiss it if the Court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). "An appeal is frivolous when it lacks an arguable basis either in law or fact." *Dorn v. Aguilar*, --- Fed. Appx. ---, 2016 WL 1238600, at *1 (3d Cir. Mar. 30, 2016).

The Court has jurisdiction over appeals of bankruptcy court orders. 28 U.S.C. § 158(a). As such, the Court must "review the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007).

This appeal seeks review of the Bankruptcy Court's February 26, 2016 Order denying Debtor's request to file the following three motions for reconsideration: (1) the "Injunction Motion"; (2) the "Subpoena Motion"; and (3) the "February 3, 2016 Order Objection." *See* Feb. 26, 2016 Order ("February Order") [D.E. 1]. Prior to filing these three motions for reconsideration, the

Bankruptcy Court entered a November 25, 2015 Order ("November Order")[1] that required the Debtor "to obtain leave of court before moving for reconsideration of any order filed in this bankruptcy case." *See* November Order [Bankruptcy D.E. 180]. The November Order provided that the Debtor must "first send[] a letter request to the Court along with a summary or copy of the proposed motion for reconsideration," and that if the court approved the request, it would docket the motion for consideration. *Id.* Because the Debtor did not adhere to the November Order's requirement to file a letter request, the Bankruptcy Court treated the three motions as letter requests and denied Debtor permission to proceed with each motion. February Order at 2. The Bankruptcy Court determined that the three requests addressed issues that the Bankruptcy Court had already addressed multiple times, and there was no reason for further reconsideration.

The Court sees no abuse in the Bankruptcy Court's decision to not consider the merits of Appellant's motions for reconsideration because the issues raised in each motion have already been addressed numerous times. As a result, the appeal lacks merit and is legally frivolous pursuant to § 1915(e)(2)(B).

In conclusion, it is **ORDERED** that Appellant's application to proceed *in forma pauperis* is **GRANTED** and the appeal is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Appellant by certified mail return receipt.

                                                                John Michael Vazquez, U.S.D.J.

---

[1] The Court notes that the Debtor has already appealed the November 25, 2015 Order. *See* District Court Dkt. No. 15-cv-8200-MCA.

2